UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER GUERRERO-VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MANPREET SINGH GILL, an individual; HARBOR TRUCKING LTD, A PRIVATE LIMITED COMPANY and DOES 1 to 110, inclusive,<br><br>Defendants. | No. 2:23-cv-01206-AC<br><br><br>ORDER |

This action is proceeding before the Magistrate Judge for all purposes pursuant to the parties' consent. ECF No. 7. Defendant removed this case from state court on June 22, 2023. ECF No. 1. Plaintiff now moves to remand, arguing that the removal was procedurally defective because it was untimely. ECF No. 10. Defendant opposes the motion. ECF No. 13. For the reasons set forth below the court GRANTS the motion to remand.

**I.     Relevant Background**

This case was initially filed on February 9, 2023, in the Superior Court of California, County of Sacramento, and was served on defendant on April 7, 2023. ECF No. 1-2 at 2. The complaint alleges personal injury related to a motor vehicle accident. Id. at 3. The complaint

checks the box invoking the Superior Court's unlimited jurisdiction for a case exceeding $25,000 in damages. Id. Defendant Harbor Trucking was served with the summons and complaint on March 16, 2023, and defendant Gill was served on March 30, 2023. Declaration of Jacob Gould, ¶¶ 3-4. Defendants filed an answer in Superior Court on June 21, 2023. ECF No. 1 Defendant filed a notice of removal and removed this case on June 22, 2023. ECF No. 1. Filed with the notice of removal were "Statement of Damages" documents directed to defendants dated February 28, 2023, alleging a total of six-million dollars in damages against each defendant. ECF Nos. 1-6; 1-7. Plaintiff now moves to remand, arguing that removal was procedurally improper because it was untimely.

## II.   Legal Standard

"Federal courts are of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove any civil action from state court when the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original jurisdiction in cases in which the amount in controversy "exceeds the sum value of $75,000, exclusive of interest and costs," and in which the parties are diverse. 28 U.S.C. § 1332(a). The statute governing removal of civil actions, 28 U.S.C. § 1441, "is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citations omitted).

The procedures governing removal of civil actions are specified in 28 U.S.C. § 1446. That statute provides two 30-day periods for removal: (1) 30 days running from when the defendant receives a copy of the initial pleading, 28 U.S.C. § 1446(b)(1), or (2) "if the case stated by the initial pleading is not removable," 30 days running from the time the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). In Harris v. Bankers Life & Casualty Co., 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit addressed calculation of the thirty-day removal period in situations where it is unclear from the complaint whether the case is removable. There, the

court "considered and rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face." Id. "It also rejected the suggestion that the defendant's subjective knowledge or a 'clue' in the complaint might trigger the thirty-day clock." Id. The Ninth Circuit unequivocally confirmed that "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

### III.    Analysis

Plaintiff argues that removal was untimely because, though plaintiff did not allege an amount in controversy in the complaint, defendant knew or should have known that the amount in controversy exceeded the removable threshold based on the causes of action identified and the fact that plaintiff checked a box stating it was invoking the state court's "unlimited jurisdiction" for an action exceeding the value of $25,000.  ECF No. 10 at 4.  This theory has been considered and has been consistently rejected by numerous district courts in this circuit.  See, e.g., Imery v. Nissan N. Am., Inc., No. 8:21-cv-02029-JLS-DFM, 2022 WL 1639591, at *2 (C.D. Cal. May 24, 2022); Longoria v. Ford Motor Co., No. 2:22-cv-07560-JLS-PVC, 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022);  Martinez v. Ford Motor Co., No. 2:23-cv-02788-JLS-AGR, 2023 WL 3775174, at *2 (C.D. Cal. June 2, 2023); Cuevas v. Ford Motor Co., No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022); Holdings v. Ford Motor Co., No. 5:21-cv-02172-SVW-SHK, 2022 WL 2235815, at *2 (C.D. Cal. Feb. 22, 2022); Tirado-Lizarraga v. Ford Motor Co., No. 23-CV-01411-RS, 2023 WL 3868377, at *3 (N.D. Cal. June 6, 2023); Moran v. Ford Motor Co., No. 23CV845 JM (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023); Hayer v. Mercedes-Benz USA, LLC, No. 220CV01964MCEJDP, 2021 WL 809388, at *3 (E.D. Cal. Mar. 3, 2021).

However, while plaintiff's initial argument fails, the facts presented here demonstrate that removal was nonetheless procedurally defective.  Defendants assert in opposition to the motion to remand that they were first made aware of the amount in controversy when the "statement of damages" was served on them on June 20, 2023, stating that the notice of removal was filed just

two days later. ECF No. 13 at 1. In reply, plaintiff's counsel submitted a second affidavit stating that "[o]n March 1, 2023, I caused Karly Vasquez, a legal assistant employed with Barrington Legal, Inc., to send to our process server for service Plaintiff Francisco Javier Guerrero-Vasquez's Statement of Damages, for Defendant Manpreet Singh Gill and Defendant Harbor Trucking LTD, along with the Summons, Case Cover Sheet, Complaint, and Case Management Conference Notice." Further Declaration of Jacob Gould ¶ 2. Counsel also attached an "email to the process server by Barrington Legal, Inc.'s legal assistant on March 1, 2023, [noting that] the Statement of Damages was included and served on Gill and Harbor Trucking, along with the Summons, Case Cover Sheet, Complaint, and Case Management Conference Notice." Id. at ¶ 2, Ex. A. Finally, proofs of service are attached indicating that statements of damages were served with the summons and complaint on April 4, 2023. Id. at Ex. B.

These exhibits establish that defendants received documents including plaintiff's statements of damages no later than April 4, 2023. They removed this case on June 22, 2023. It is thus clear that defendants' notice of removal was not filed within 30 days of its receipt of an "other paper" (statements of damages) from which it could be "ascertained from the face of the document that removal is proper." See, Harris, 425 F.3d at 694 (citing 28 U.S.C. § 1446(b)). Accordingly, the court concludes that the removal was procedurally improper and remand is required.

### IV. Conclusion

For the foregoing reasons, the motion to remand (ECF No. 10) is GRANTED. The Clerk of Court is directed to remand this case to the Superior Court of California and to close this case.

IT IS SO ORDERED.

DATED: August 17, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE